UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE RASOOLY,<br><br>    Plaintiff,<br><br>    v.<br><br>SUSAN I. PEINE, et al.,<br><br>    Defendants. | Case No. 15-cv-04540-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

Robbie Rasooly, a United States governmental employee, filed this breach of fiduciary duty case on October 1, 2015. Rasooly alleges that defendants Federal Retirement Thrift Investment Board (FRTIB), and its executive director Gregory Long,[1] breached fiduciary duties to him while processing a request to garnish his Thrift Savings Plan ("TSP") retirement savings to pay back child support. Dkt. No. 1. The Court granted an earlier motion to dismiss by the FRTIB and Long, with leave to amend. Dkt. No. 22. In the amended complaint, Rasooly alleges a single claim for Breach of Fiduciary Duty under 5 U.S.C. § 8477. Defendants have moved to dismiss the amended claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 24. The Court finds the motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and grants the motion in part and denies it in part.

**BACKGROUND**

As alleged in the amended complaint, in November 2009, the California Department of Child Social Services ("DCSS") in Contra Costa County began processing "an Israeli religious court's order for child support" against Rasooly. Dkt. No. 23 ¶ 12. Rasooly contends that the

---

[1] The FRTIB's prior executive director Susan I. Peine has retired, and the defendants have requested to substitute the current named fiduciaries as defendants. Dkt. No. 24 at 1 n.1. Plaintiff does not object and the Court grants the request under Federal Rule of Civil Procedure 25(d). The Clerk of Court is directed to update the file to substitute the FRTIB and Long as defendants.

Israeli order and DCSS's handling of it were improper or illegal. *Id*. ¶¶ 13-18. In August 2012, DCSS sent a request to the FRTIB seeking to garnish Rasooly's TSP account to cover over $158,000 in child support payments. *Id*. ¶ 22. Rasooly alleges that defendants breached their fiduciary duty to him under 5 U.S.C. § 8477 by mishandling DCSS's collection requests and extracting the requested payments from his account.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556). In evaluating a motion to dismiss, the Court must assume that the plaintiff's factual allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation omitted).

Under Section 8477(b)(1), defendants owe a duty to TSP participants to perform their responsibilities "(A) for the exclusive purpose of -- (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses," and "(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent individual acting in a like capacity and familiar with such matters would use." 5 U.S.C. § 8477(b)(1). These duties exist to "the extent not inconsistent with the provisions of this chapter and the policies prescribed by the Board." *Id*. The parties agree that FRTIB potentially breaches this duty when it fails to follow its own implementing procedures or regulations. Dkt. No. 24 at 6; Dkt. No. 26 at 11. Rasooly's single claim alleges a variety of breaches on the part of defendants -- some of these are sufficient to move forward and others are not.

Rasooly's first allegation, that defendants did not verify that the DCSS request complied with 5 C.F.R. Sections 1653.12-13, plausibly states a claim. Under Section 1653.12(a), the TSP

"will only honor the terms of a legal process that is qualifying under paragraph (b) of this section." The DCSS order referenced in the amended complaint, Dkt. No. 17-1, appears to come from a "competent authority," as required by Section 1653.12(b)(1), since the DCSS is "an administrative agency of competent jurisdiction in [a] State … of the United States." *See* 5 C.F.R. § 1653.11(b). It also specifically references the "Thrift Savings Plan" and orders the TSP to "[f]reeze the debtor's assets up to the amount" of "$158,258.66," and "remit" them after 10 days, as required by Section 1653.12(b)(2) and (b)(3). *See* Dkt. No. 17-1 at 2, 6. On these elements, the DCSS request appears sound.

But Rasooly also complains that the DCSS request was unsigned, rendering the request invalid. Dkt. No. 23 ¶¶ 29, 34; *see also id*. ¶¶ 52, 53. Although defendants say "the seal of the state of California" on the document suffices to validate the request, they do not cite to a regulation or anything else to support that. Dkt. No. 27 at 5. Accordingly, the Court cannot find at this stage that Rasooly's claim is implausible, and it may go forward on these grounds.

Rasooly's amended complaint also plausibly suggests that his claim was mishandled in other ways. Rasooly alleges that FRTIB and Long violated procedures when they failed to require two workers to verify his account given the amount of the DCSS request, Dkt. No. 23 ¶¶ 26, 48, 54, improperly processed the DCSS letter as an order to deliver rather than an order to withhold, *id*. ¶¶ 22-25, 28, 35, 43, 45, 56, failed to ascertain whether the request should have been stayed due to parallel court proceedings, *id*. ¶ 47, *see also* Section 1653.13(i), improperly disclosed his personal information, *id*. ¶ 21, and failed to maintain and provide copies of his TSP files properly and adequately. *Id*. ¶¶ 36-42, 45-46, 55, 65. Defendants challenge these allegations on factual grounds, Dkt. No. 24 at 7-10, and may prevail on them at the appropriate stage, but resolving fact disputes is not within the motion to dismiss procedure. And for Rasooly's allegation that an improper amount of tax was withheld in the transfer, Dkt. No. 23 ¶¶ 27, 57, defendants conceded this issue by failing to address Rasooly's arguments and meaningfully support it in their reply. The claim may go forward on these grounds as well.

But Rasooly's remaining allegations do not state a plausible claim for breach of fiduciary duty. His conclusory assertions that FRTIB's unspecified "hiring practices" and "entire operating

3

procedure and management" constitute breaches of fiduciary duty, *id*. ¶¶ 58, 60, 64, are vague and lack meaningful factual support. His federal preemption claim is equally bereft of any factual support. The allegation that FRTIB breached its duties whenever it "put[] other third parties ahead of it[s] participant clients," *id*. ¶ 64, fails to take into account that the duty extends only to "the extent not inconsistent with the provisions of this chapter and the policies prescribed by the Board." 5 U.S.C. § 8477(b)(1). Nowhere does he demonstrate that FRTIB compromised his interest in this way. The allegation that defendants violated "Social Security Act Title IV Part D" is incomprehensible. Dkt. No. 23 ¶ 61. Rasooly's claim is dismissed to the extent it relies on the allegations of paragraphs 58-61 and 64. Rasooly has now had two tries at stating these claims, and his failure to provide any concrete proposal for amendment suggests further amendment is futile. The dismissal is with prejudice. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The claim is also dismissed to the extent it relies on the allegations of paragraphs 62-63. Paragraphs 62 and 63 of the amended complaint describe alleged violations of the DCSS and provide no basis for a claim against FRTIB. Because this problem cannot be cured by amendment, the dismissal is without leave to amend.

## CONCLUSION

The motion to dismiss Rasooly's amended complaint is granted to the extent the claim relies on paragraphs 58-64, without leave to amend. The motion to dismiss is otherwise denied. Defendants should answer the amended complaint no later than July 22, 2016. Rasooly's request for sanctions is denied pursuant to Civil Local Rule 7-8.

**IT IS SO ORDERED.**

Dated: June 23, 2016

JAMES DONATO
United States District Judge