UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE RASOOLY, <br>         Plaintiff, <br> v. <br> GREGORY T. LONG, et al., <br>         Defendants. | Case No. 3:15-cv-04540-JD <br><br> **ORDER RE MOTION FOR SUMMARY JUDGMENT** <br> Re: Dkt. No. 44 |

    This case arises out of a long-running dispute over plaintiff Robbie Rasooly's child support obligations. Rasooly is a federal employee with a Thrift Savings Plan ("TSP") retirement account, which is administered by the Federal Retirement Thrift Investment Board ("FRTIB"). On August 9, 2012, the California Department of Child Support Services ("DCSS") sent FRTIB an order to garnish Rasooly's TSP account for unpaid child support. Dkt. No. 44-2 Exhs. 1, 2.[1] FRTIB reviewed the order, found that it required remittance of $158,258.66 from Rasooly's TSP account, and sent that amount to DCSS. Dkt. No. 44-1 Exhs. D, E, F.

    TSP account balances are "subject to legal process for the enforcement of the individual's legal obligations to provide child support . . . as provided in section 459 of the Social Security Act (42 U.S.C. 659)." 5 U.S.C. § 8437(e). That provision of the Social Security Act in turn provides that "[n]either the United States . . . nor any disbursing officer shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the

---

[1] Rasooly submitted a barrage of evidentiary objections to nearly all of the exhibits and declarations in FRTIB's motion for summary judgment. Dkt. No. 45. The objections are poorly taken and are overruled. For the sake of clarity, the Court notes that it has relied only on evidence that would be admissible at trial pursuant to Rule 56(c)(2). *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010).

regulations issued to carry out this section." 42 U.S.C. § 659(f)(1). The pertinent regulations here include 5 C.F.R. Section 1653 Subpart B, which governs legal process for enforcement of a TSP participant's child support obligations.

After an initial pleadings challenge, Rasooly filed an amended complaint alleging a single claim for breach of fiduciary duty under 5 U.S.C. Section 8477(b), which provides in relevant part that FRTIB must act with objective "care, skill, prudence, and diligence." 5 U.S.C. § 8477(b)(1)(B). Dkt. No. 23. Rasooly's core allegation is that FRTIB and its executive director improperly honored the DCSS order.[2] FRTIB again moved to dismiss. Dkt. No. 24. After trimming some of the allegations in the amended complaint, the Court allowed Rasooly to proceed. Dkt. No. 30. FRTIB now moves for summary judgment. Dkt. No. 44.

## LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought. The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may dispose of less than the entire case and just portions of a claim or defense. *Smith v. State of California Dep't of Highway Patrol*, 75 F. Supp. 3d 1173, 1179 (N.D. Cal. 2014).

Under Rule 56, a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict" for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it could affect the outcome of the suit under the governing law. *Id.* at 248-49. In determining whether a genuine dispute of material fact exists, the Court will view the evidence in the light most favorable to the non-moving party and draw "all justifiable inferences" in that party's favor. *Id.* at 255. A principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The moving party must initially establish the absence of a genuine issue of material fact, which it can do by "pointing out to the district court . . . that there is an absence of evidence to

---

[2] For convenience, the Court refers to defendants collectively as FRTIB.

2

support the nonmoving party's case." *Id.* at 325. It is then the nonmoving party's burden to go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Id.* at 323-34. "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). It is not the Court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quotations omitted).

**DISCUSSION**

The amended complaint alleges a single claim for breach of fiduciary duty. Rasooly contends that FRTIB breached the duty when it dunned his account because: (1) the order was not signed by a judge, (2) FRTIB failed to ascertain whether the order should have been deferred due to parallel court proceedings, (3) FRTIB failed to comply with the requirement that two Legal Processing Unit ["LPU"] workers verify the account given that the order sought more than $100,000, (4) FRTIB improperly processed the order as an order to deliver funds, rather than as an order to withhold, (5) FRTIB improperly disclosed Rasooly's personal information to DCSS, (6) FRTIB failed to provide records pertaining to Rasooly's TSP account, and (7) FRTIB withheld an improper amount of tax in the transfer. *See* Dkt. Nos. 23, 30.

Several of these claims border on the frivolous and none withstand summary judgment. On issue (1), the Social Security Act states that legal process may be issued by "a court or an administrative agency of competent jurisdiction in any State." 42 U.S.C. § 659(i)(5). Similarly, applicable regulations require only a "competent authority." 5 C.F.R. § 1653.12(b)(1). DCSS is such an authority, *In re Marriage of LaMoure*, 198 Cal. App. 4th 807, 819 (2011) (DCSS can levy delinquent support obliger's financial institution accounts without an authorizing court order), and FRTIB has ample evidence that DCSS did in fact send the child support order, Dkt. No. 44-2 at 1-2 (declaration of DCSS attorney); *id.* at Exhs. 1, 2 (DCSS letterhead and forms). Rasooly has not meaningfully contested these legal provisions, and has not shown a dispute of fact on this issue.

On issue (2), the Social Security Act states that a child support payment shall be made pursuant to "legal process regular on its face." 42 U.S.C. § 659(f). The Act does not require substantive inquiry beyond what appears on the face of the legal process. *United States v. Morton*,

3

467 U.S. 822, 829 (1984) (Section 659(f) permits garnishee to act only "on the face" of the process, and garnishee need not ascertain whether the issuing authority had jurisdiction over the obligor). Defendants have substantial evidence that the DCSS order was regular on its face. The child support order was issued on a DCSS letterhead and on DCSS forms, it referenced the agency's statutory authority, and it included the case number for the California state court case authorizing the child support order. Dkt. No. 44-2 Exhs. 1, 2.

Rasooly's effort to rebut this evidence is unavailing. He says that the DCSS order referenced the State Disbursement Unit, as well as Child Collection Services, which he contends calls the order into question. Dkt. No. 46 at 10. Why that might be is not clear, but in any event the observation does not undermine the fact that the DCSS order was regular on its face. DCSS is without question an administrative agency of competent jurisdiction under Section 659(f), and the mere mention or involvement of other agencies does not change that.

FRTIB also has substantial evidence showing that FRTIB had no reason to delay acting on the DCSS order. It is undisputed that Rasooly did not appeal enforcement of the DCSS order until well after FRTIB withdrew the money from his account. Dkt. No. 44-1 Exhs. D, E, G (August 13, 2012 letter of notice from DCSS to Rasooly; August 30, 2012 decision letter from DCSS to Rasooly; October 19, 2012 request by Rasooly for temporary emergency court order ordering DCSS to stay any further enforcement actions). Although Rasooly testified that he called FRTIB "[i]mmediately upon receiving the August 13, 2012 letter" and expressed his intent to appeal enforcement of the DCSS order, *id.* Exh. A at 60-62, TSP is required to defer a required payment only if it is notified in writing of an already-filed appeal, and the notification must be accompanied by documentation and citations to legal authority as set out in 5 C.F.R. Section 1653.3(i). 5 C.F.R. § 1653.13(i).

Rasooly's reliance on a letter from Senator Dianne Feinstein is misplaced. Dkt. No. 46-1, Exh. A. The letter notes the position taken by the U.S. State Department that under title IV-D of the Social Security Act, a "State IV-D agency clearly has discretion not to proceed in providing child support enforcement services in cases of disputed custody." *Id.* That statement does not carry any legal force, but even if it were treated as a correct statement of law applicable to the

4

DCSS order, it provides no help to Rasooly and actually undercuts his case. That is because at most, it indicates that DCSS had precisely the discretion to enforce the child support agreement that it exercised. It certainly does not show that DCSS was unauthorized to issue a child support order at all, nor does it show that FRTIB failed to act with reasonable care by following the order.

On issue (3), FRTIB has submitted a log showing that two LPU personnel verified the child support order. Dkt. No. 44-1 Exh. Q (log showing "1ST VERIFICATION MK" and "2ND VERIFICATION ACW"); *id.* Exh. B at 155 (identifying "MK" as Molly Kubiak and ACW as Adrienne Wasserman). Rasooly does not dispute that the log records two verifications by LPU personnel. Instead, he says the Court should ignore the log because it is incomplete, citing to the deposition testimony of Helena Kim, *id.* at 154-161. That testimony establishes only that the printout was redacted to remove personal identifying information, including Rasooly's social security number and TSP account number. The Court may properly consider the log because the foundational fact that two LPU personnel verified the child support order can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

On issue (4), undisputed evidence establishes that DCSS ordered the withdrawal of funds. The order instructed FRTIB to freeze Rasooly's assets, and after ten business days, to remit the assets to Child Support Collections. Dkt. No. 44-2 Exh. 1. In his opposition, Rasooly does not even discuss the text of the DCSS order. He argues only that the August 13 letter of notice from FRTIB used language suggesting the order was only an order to withhold. Dkt. No. 46 at 14. That is irrelevant to the DCSS order itself.

On issue (5), undisputed evidence establishes that the only disclosures FTRIB made about Rasooly's TSP account were to the Federal Office of Child Support Enforcement in 2012 and 2013. Those disclosures were authorized under 42 U.S.C. Section 653(e)(2) and merely confirmed that Rasooly had a TSP account and disclosed whether his account balance was non-zero. Dkt. No. 44-1 Exh. C at 13-55 (deposition testimony of FRTIB's chief privacy officer); *id.* Exh. R (summary of activity relating to Rasooly's TSP account).

On issue (6), FRTIB has shown an absence of evidence supporting Rasooly's allegations. Rasooly appears to argue that FRTIB has impermissibly "prevent[ed] a beneficiary from seeing

the notes a fiduciary keeps on the beneficiary." Dkt. No. 46 at 17. FRTIB's position is that those notes do not exist. Rasooly contends that they do because a TSP log lists various calls made between Rasooly and FRTIB personnel and is accompanied by some notes on those calls, Dkt. No. 44-1 Exh. R. Rasooly says that additional notes must have been made because TSP "generally provides more than four lines of text summarizing the substance of the communication." Dkt. No. 46 at 17. This is all just guesswork and speculation, untethered to any evidence, and no bar to summary judgment.

On issue (7), Rasooly's legal point is not well conceived. Regulations require the TSP to withhold 10 percent on payments to anyone other than a participant's spouse or former spouse made pursuant to legal process, as required by 26 U.S.C. Section 3405(b) (providing that non-periodic distributions from pensions are subject to 10 percent withholding). 5 C.F.R. § 1653.5(e)(2). Rasooly says that LPU Manual Section 4.6.1 requires a 20 percent withholding. *See* Dkt. No. 44-1 Exh. N at 33. But that section covers only a "court decree of divorce, annulment, or legal separation (or a court-approved agreement incident to such a decree)." *Id.* at 19. It does not cover the DCSS order, which is a legal process governed by Section 5 of the LPU manual (covering "writ, order, summons, or other similar document in the nature of a garnishment that is brought to enforce a participant's child support or alimony obligation"). *Id.* at 38.

## CONCLUSION

Summary judgment is granted for defendants in all respects. A separate judgment will be entered for them.

**IT IS SO ORDERED.**

Dated: December 21, 2017

JAMES DONATO
United States District Judge